UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAYLEN ASHBY,

                Plaintiff,                        Case No. 16-cv-11829

v                                               Honorable Thomas L. Ludington

                                                     Magistrate Judge Anthony P. Patti
COMMISSIONER OF SOCIAL SECURITY,
                Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Jaylen Ashby received supplemental security income benefits as a child because he suffered from a seizure-related disorder. After his eighteenth birthday, Ashby was examined and the Social Security Administration found that he no longer qualified for supplemental security income. Ashby requested a hearing before an administrative law judge (ALJ), who determined that Ashby was not entitled to disability benefits. Ashby sought review by the Appeals Counsel, which declined to review the ALJ's decision. On May 23, 2016, Ashby filed a complaint seeking judicial review of the benefits denial. ECF No. 1. The case was referred to Magistrate Judge Anthony P. Patti pursuant to Local Rule 72.1(b)(3) and 28 U.S.C. § 636(b)(1). ECF No. 3.

The parties subsequently filed dueling motions for summary judgment. ECF No. 16, 17. On July 31, 2017, Judge Patti filed a report recommending that the Commissioner's motion for summary judgment be granted, Ashby's motion for summary judgment be denied, and that the Commission's decision be affirmed. ECF No. 20. Ashby timely objected. ECF No. 21. For the

following reasons, those objections will be overruled, Judge Patti's report and recommendation will be adopted, and the Commissioner's denial of benefits will be affirmed.

**I.**

Neither party has specifically objected to Judge Patti's summary of the background and administrative proceedings of the case. For that reason, the summary is adopted in full. For purposes of this order, it is sufficient to note that the ALJ found that Ashby suffered from the following severe impairments: scoliosis, asthma, Tourette's syndrome, attention deficient disorder, and obsessive-compulsive disorder. Rec. at 16, ECF No. 8. Ultimately, the ALJ concluded that Ashby "had the residual functional capacity to perform sedentary work" with some additional limitations. *Id.* at 18. Because Ashby can perform a significant number of jobs even with those limitations, the ALJ denied his request for benefits.

**II.**

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).[1] Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing her past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If

---

[1] When the disability claim involves a redetermination of disability after the claimant turns 18, the Step One analysis is not conducted. *See* 20 C.F.R. § 416.987(b).

objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**B.**

In the report and recommendation, Judge Patti addressed Ashby's three arguments that the ALJ erred in denying benefits. First, Judge Patti found that the ALJ had not erred in refusing to request an updated medical expert opinion before rendering a decision because Ashby had not

met his burden of showing that the updated medical opinion would have altered the ALJ's analysis. Second, Judge Patti concluded that the ALJ properly assessed Ashby's mental RFC. Finally, Judge Patti found that the ALJ did not err when it did not conduct a "function-by-function" analysis of Ashby's residual functional capacity because the relevant regulations do not require an exhaustive analysis. Now, Ashby has filed three objections which broadly challenge Judge Patti's analysis. They will be addressed in turn.

**1.**

First, Ashby challenges Judge Patti's conclusion that he did not carry his burden of proof in arguing that the ALJ should have requested an updated medical opinion. In his motion for summary judgment, Ashby explains that an updated medical report was necessary because over 450 pages of medical records were added to the file after the state agency medical consultants reviewed the file. In the report and recommendation, Judge Patti observed that the ALJ is extended considerable discretion to determine whether to request an updated medical opinion. *See* SSR 96-6p. Ashby does not challenge that observation. Judge Patti further explained that an updated medical opinion should be requested only if the new medical records would affect the examining doctors' opinions regarding the severity of the claimant's impairments. Ashby does not specifically challenge that finding either.

Judge Patti properly articulated the legal analysis on both points. It is well settled that the ALJ has discretion regarding whether to seek an updated medical opinion. *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 723 (6th Cir. 2012); *Hollis v. Comm'r of Soc. Sec.*, No. 13-13054, 2015 WL 357133, at *23 (E.D. Mich. Jan. 27, 2015). Indeed, any other conclusion would be entirely incompatible with the language of SSR 96-6p and 20 C.F.R. § 404.1520b(b). For that reason, and because the claimant bears the burden of showing error at this stage of the analysis,

Ashby must identify "evidence that would support a finding that Plaintiff meets or equals a listing." *Freeman v. Comm'r of Soc. Sec.*, No. 14-CV-11146, 2015 WL 404332, at *11 (E.D. Mich. Jan. 29, 2015). Ashby has not provided any explanation in either his motion for summary judgment or his objections as to how the new medical evidence might have changed the examining doctors' opinions.[2] Because Ashby bears the burden of identifying evidence in the new medical records which might have changed the examining doctors' analysis, his failure to do so is determinative. The first objection will be overruled.

**2.**

Ashby next argues that Judge Patti erred in holding that the ALJ properly considered Ashby's mental limitations in determining his residual functional capacity (RFC). This objection is largely a reiteration of the arguments Ashby made in his motion for summary judgment. The gravamen of Ashby's objection is that the ALJ did not consider the testimony by Ashby and his mother that Ashby was unable to concentrate and had lost a job due to his inability to "keep up." Objs. at 5. Ashby cites *Biehl v. Comm'r of Soc. Sec.*, for the proposition that the ALJ was required to consider his mental impairments. No. 14-10293, 2015 WL 736366, at *21 (E.D. Mich. Feb. 20, 2015). But Ashby ignores Judge Patti's thoughtful and thorough analysis of this objection. *See* Rep. & Rec. at 21–22. As Judge Patti explains, the ALJ spent considerable time supporting its conclusion that Ashby should be limited to "simple, routine work with minimal changes in work setting." Rec. at 18. In finding that Ashby was able to concentrate, the ALJ relied upon a 2014 neurological exam which found that Ashby's "[a]ttention and concentration are good." *See* Rec. at 20, 573. Thus, the ALJ clearly did consider whether Ashby had

---

[2] Importantly, Ashby does not argue that the ALJ did not *consider* the new medical evidence, because the ALJ's written findings clearly indicate that the ALJ did. The ALJ's report thus constitutes an implicit finding that the new medical evidence would not have changed the examining doctor's analysis of Ashby's impairments and likewise did not change the ALJ's analysis.

concentration- or attention-related limitations when calculating the RFC. While the ALJ did not expressly address Ashby's mother's testimony that he had difficulty concentrating, the ALJ clearly did consider the medical evidence regarding Ashby's mental limitations when determining the residual functional capacity. Even *Biehl*, the case Ashby relies upon, holds that the ALJ is required only to *consider* mild mental limitations when formulating the RFC, not that the existence of those limitations are dispositive. 2015 WL 7366366 at *21. Because the ALJ did consider Ashby's mental limitations in formulating the RFC and because that RFC is supported by substantial evidence, the second objection will be overruled.

**3.**

In his third objection, Ashby argues that Judge Patti erred in finding that the ALJ's decision was supported by substantial evidence. This general objection merely restates the arguments made to Judge Patti. Indeed, as the Government points out, Ashby's summary of the evidence of disability is taken, word for word (with some reorganization), from his brief in support of his motion for summary judgment. *Compare* Objs. at 6–7 with Pl. Mot. Summ. J. at 4–5. ". An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. Ashby has not pinpointed an error in any aspect of Judge Patti's analysis and thus is not entitled to de novo review of Judge Patti's finding that substantial evidence supported the ALJ's decision.

More importantly, as thoroughly explained in Judge Patti's report and recommendation and as briefly mentioned in this order, substantial evidence supported the ALJ's findings. Because the ALJ reached the decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could

disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion."). The third objection will be overruled.

### III.

Accordingly, it is **ORDERED** that Plaintiff Ashby's objections, ECF No. 21, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 20, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Ashby's motion for summary judgment, ECF No. 16, is **DENIED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 17, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.

Dated: August 30, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager